UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| v. | ) | Criminal Action No. 10-10440-DPW |
| EYDRIS ADAMS et. al. | ) | |
| Defendants. | ) | |

ORDER ON PENDING DISCOVERY MOTIONS

December 13, 2011

SOROKIN, M.J.

Pending before the Court are the following eight discovery motions seeking the identity of the confidential informant, post-arrest statements of defendants, co-conspirator statements made during and in furtherance of the conspiracy and various ping orders, progress reports and other documents.:

(1) Motion for Discovery as to Ramon Lomax (Docket #175);
(2) Motions for Discovery as to Michael Williams (Docket ##176, 177);
(3) Motion to Compel Discovery as to Dwayne Person (Docket #178);
(4) Motion to Compel Discovery and to Join Co-Defendants' Motions as to Jerome Marion (Docket #180);
(5) Motion for Joinder Discovery Motions Co-Defendants as to Donald Williams (Docket #181);
(6) Motion for Discovery - Motion to Join Co-Defendants' Discovery Motions as to Shawn Walker (Docket #182);
(7) Motion for Joinder as to Dennis Person (Docket #186); and
(8) Motion for Joinder as to Anthony Madden (Docket #187).

The Government filed an opposition to the Motions (Docket ##177, 186, 175, 187, 178,

180, 182, and 181) addressing only the request for disclosure of the identity of the confidential informant. It filed no other written response to these motions. At the hearing, counsel for the Government informed the Court that it was producing to the defendants all of the documents and information sought in these motions except:

    1. The identity of the confidential informant for the reasons described in its papers;

    2. The post-arrest statements of testifying defendants, on the ground that such statements constitute <u>Jencks</u> material and will, therefore, be turned over when the government discloses the <u>Jencks</u> material;

    3. The interim progress reports filed by the Government regarding each Title III Intercept allowed by the Court.

The Government sought until January 12, 2012, to produce all of the additional discovery which request is ALLOWED. Accordingly, insofar as the motions seek the items the Government has agreed to produce, the Motions are DENIED AS MOOT subject to the right to renew the motions in the event the discovery is not received.

Regarding the interim progress reports, the Motion is DENIED. On the present record, the Court cannot determine that these reports contain undisclosed exculpatory information especially given that the defendants have all of the underlying recordings (upon which the reports are reporting) and the subsequent affidavits seeking further intercepts.

Regarding earlier disclosure of the post-arrest statements of testifying defendants, the Motions for Disclosure are DENIED WITHOUT PREJUDICE. The significance and timing of earlier disclosure of this <u>Jencks</u> material relates to the management of the trial; thus the request, if still live after the Government's agreement to disclose the post-arrest statements of non-testifying defendants, is more properly brought before the district judge.

The request for the identity of the confidential informant is DENIED WITHOUT PREJUDICE. Insofar as defendant requests the information to aid his motion to suppress or motion for a Franks hearing, he can make the request for disclosure at the time he makes his showings in his motions. At that point, in contrast to now, the district judge will be in a better position to assess the Rovario issues as the filings will illuminate the nature of the issues. Insofar as defendant requests disclosure on the grounds that the basis for disclosure has evaporated because the discovery identifies the confidential informant, the ruling is the same. Whether or not defendant's assertion is correct, formal identification differs from the type of disclosure, if any, resulting from release of the documents defendants cite. The dispute really concerns the proper time for disclosure by the government. The government has agreed to make disclosure of the identity (and related information such as promises, rewards and inducements and criminal record) twenty-one days before trial. Whether the further anticipated pretrial proceedings or the need to prepare for trial warrant earlier disclosure maybe raised at the Initial Pretrial Conference when the shape of motion practice and the scope of the trial are clearer.

Accordingly, the Motions for Discovery are DENIED, DENIED WITHOUT PREJUDICE and DENIED AS MOOT as set forth herein. The Motions to Join (Docket ##178, 180, 181, 182, 186, and 187) are ALLOWED.

SO ORDERED.

   /s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE